## BINGO SUPER MARKETS, INC.
### *vs.*
## ADMINISTRATOR, UNEMPLOYMENT COMPENSA- TION DIVISION, DEPARTMENT OF LABOR AND FACTORY INSPECTION.

Superior Court      Fairfield County      File No. 63282

MEMORANDUM FILED NOVEMBER 4, 1942.

*Hirschberg, Pettengill, Strong & Deming,* of Greenwich, for the Plaintiff.

*Harry Silverstone,* Special Assistant Attorney General, of Hartford, for the Defendant.

Memorandum of decision on appeal from assessment of un- employment compensation contribution.

McEVOY, J. This is an appeal from an assessment levied against the plaintiff by the administrator of the Unemployment Compensation Law. The assessment is levied upon the theory that the plaintiff so conducts itself as to bring itself within that part of the provisions of section 1335e of the 1939 Sup- plement to the General Statutes, added to the law at the 1939 session of the Legislature, which reads as follows: "If an em- ployer shall contract with or shall have under him any contractor or sub-contractor for any work which is part of said employer's usual trade, occupation, profession or business, and which is

performed in, on or about premises under such employer's control, and if such contractor or sub-contractor shall not be subject to this chapter, such employer shall, for all the purposes of this chapter, be deemed to employ each individual in the employ of such contractor or sub-contractor for each day during which such individual is engaged solely in performing such work; but this provision shall not prevent such employer from recovering from such contractor or sub-contractor the amount of any contributions he may be required by this chapter to pay with respect to wages of such individuals for such work."

The plaintiff leases a store and conducts a market there. In this store there are three departments, a grocery department, a fruit and vegetable department and a meat and fish department.

The grocery department, which occupies the major portion of the store, is operated by the Bingo Super Markets, Inc., the plaintiff herein. The fruit and vegetable department, occupying 270 square feet, a relatively small space along the north wall of the front half of the store, is operated by Gordon & Levine, a partnership, under an agreement, Exhibit D. It is called a "leased department." The meat and fish department, occupying 650 square feet, also a relatively small space, along the south side of the front half of the store, is operated by the Greenwich Beef Company, a Connecticut corporation, under an agreement, Exhibit E. It is also a "leased department."

The operators of these "leased departments" own their own fixtures, buy and pay for the merchandise displayed by them for sale on their own account, have sole charge and retain the proceeds, out of which they pay the expenses of operation of the department, and hire, fire and pay all their employees a wage which they fix. It is in respect to the wages paid to these employees by their employers—the operators of the "leased departments"—that the assessment in question is predicated.

There are three questions: (1a) who is conducting the super market; (1b) if the plaintiff is conducting the super market, is it a part of its "usual trade, occupation, profession or business"; (2) what is the relationship between the plaintiff and the operators of the "leased departments"; and (3) whether the work is performed on or about the premises under the supervision of the plaintiff.

In order that the employer may be held liable under the statute the following requirements must appear or be established: (a) that the relation of principal and contractor or subcontractor must exist with respect to the work which is to be done for the principal employer; (b) that the work must be in, on or about premises controlled by such employer; (c) that the work done must be for work which is a part of such employer's usual trade, occupation, profession or business; and (d) that the contractor or subcontractor is not subject to the provisions of the Unemployment Compensation Act.

The burden of proof is upon the defendant.

The relations existing between the plaintiff and Gordon & Levine on the one hand and the Greenwich Beef Company on the other hand are pretty definitely ascertainable from the agreements made between them, which are set out in Exhibits D and E.

While these agreements purport to be "leases", a careful examination of them shows that they are not what they purport to be. They are, in fact, agreements which, in many details, vary from the normal and ordinary terms of leases.

They show such retention of control by the plaintiff over the operations of the two alleged "lessees" as to bring this matter within the purview of the four questions asked.

The briefs filed by the parties are thorough presentations of the claims of each party. Upon a careful examination of the pleadings, the evidence and the briefs these conclusions have been reached: (1) the relation of principal and contractor does exist between the plaintiff and Gordon & Levine and Greenwich Beef Company with respect to the work which the latter are to do for the plaintiff; (2) the work is in and on and about the premises of the employer.

These premises are under the control of the employer, the plaintiff. The work done is work which is a part of the employer's, plaintiff's, usual trade.

The contractors, or subcontractors, however they may be termed, are not subject to the provisions of the Unemployment Compensation Act. The latter proposition was agreed upon by the parties at the time of the trial.

The appeal is dismissed.